DWIGHT F. RITTER, ESQ.   (STATE BAR #127030)
KAREN ALBENCE, ESQ. (STATE BAR #241719)
RITTER & ASSOCIATES
2869 INDIA STREET
SAN DIEGO, CA  92103
(619) 296-0123

Attorney for Plaintiff
WILLIAM ANDREI

FILED

JAN 2 3 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                    DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ANDREI, <br><br>     Plaintiff, <br><br> v. <br><br> GARY JOHNSON, as an individual; GARY JOHNSON as vessel owner of the F/V Andiamo, in personam; KEVIN MCDONALD, as an employee of the F/V ANDIAMO and THE GARY JOHNSON FAMILY TRUST; F/V ANDIAMO, her engines, apparel and furniture, in rem; THE GARY JOHNSON FAMILY TRUST and DOES 1-25, <br><br>     Defendants. | Case No. '08 CV 0140 L WMc <br><br> **COMPLAINT FOR PERSONAL INJURIES AND PLAINTIFF'S DEMAND FOR JURY TRIAL** |

Comes now, plaintiff WILLIAM ANDREI, and for his causes of actions against defendants, and each of them, alleges:

1.    Plaintiff elects to maintain this action under the provision of the Merchant Seaman's Act enacted June 5, 1920, c.250, Section 33, 41 Stat.1007, otherwise known as the Jones Act, 46 U.S.C. Section 688, the "savings to suitors" clause of 28

---

COMPLAINT

U.S.C. Section 1333 and the General Maritime Law of the United States against defendants GARY JOHNSON, as an individual, and as vessel owner of the F/V ANDIAMO, KEVIN MCDONALD, as an employee of the F/V ANDIOMAO AND EMPLOYEE OF THE GARY JOHNSON FAMILY TRUST, THE GARY JOHNSON FAMILY TRUST, and the F/V ANDIAMO, in personam and in rem.

2.    Plaintiff elects to maintain this action against all defendants under the General Maritime Law of the United States.

3.    The true names or capacities, whether individual, corporate, associate, or otherwise of defendants, DOES 1 through 25 inclusive, are unknown to plaintiff who therefore sues said defendants by such fictitious names.  Plaintiff is informed and believes and alleges that each of the defendants herein designated as a DOE is negligently responsible in some manner for the events and happenings referred to, and negligently caused injuries and damages as alleged.

4.    Plaintiff is informed and believes and alleges that at all times mentioned, defendants, and each of them, were individuals, corporations, partnerships and or/incorporated associations residing and/or doing business within the County of San Diego, in the State of California.

5.    Plaintiff is informed and believes and alleges that at all times mentioned, defendants, and each of them, were the agent, employee and/or joint venturer of its co-defendant, and as such was acting within the course and scope of said agency, employment and/or joint venture.

6.    That at all times mentioned, defendant GARY JOHNSON, as an individual, and as owner of the F/V ANDIAMO, in personam

COMPLAINT

1 and in rem, and each of them, were the owners of and operated,

2 managed, maintained, supervised, controlled and inspected the

3 defendant fishing vessel ANDIAMO and used and employed said

4 vessel for the purpose of fishing on navigable waters.

5      7.    That at all times mentioned, defendant THE GARY JOHNSON

6 FAMILY TRUST, as vessel owner of the F/V ANDIAMO, in personam and

7 in rem, and each of them, were the owners of and/or operated,

8 managed, maintained, supervised, controlled and inspected the

9 defendant fishing vessel F/V ANDIAMO and used and employed said

10 vessel for the purpose of fishing on navigable waters.

11      8.    That on or about June 17, 2006 and for some time

12 prior, plaintiff WILLAIM ANDREI was employed by the defendants

13 GARY JOHNSON, as in individual, and THE JOHNSON FAMILY TRUST, as

14 the owners of the F/V ANDIAMO and each of them, aboard the F/V

15 ANDIAMO, was in the employ of said defendants, and each of them,

16 and was acting within the scope, purpose and duties of such

17 service and employment.

18      9.    That on or about June 17, 2006 and for some time

19 prior, defendant KEVIN MCDONALD was employed by the defendants

20 GARY JOHNSON, as in individual, and THE JOHNSON FAMILY TRUST, as

21 the owners of the F/V ANDIAMO and each of them, aboard the F/V

22 ANDIAMO, was in the employ of said defendants, and each of them,

23 and was acting within the scope, purpose and duties of such

24 service and employment.

25

26                    **FIRST CAUSE OF ACTION**

27             **(Jones Act Negligence & Unseaworthiness)**

28      10.    Plaintiff hereby incorporates by reference to

---

COMPLAINT

3

defendants GARY JOHNSON, as an individual, and as owner of the F/V Temptation, KEVIN MCDONALD, as an employee of the F/V ANDIAMO AND THE GARY JOHNSON FAMILY TRUST, THE GARY JOHNSON FAMILY TRUST, and the F/V Andiamo, in personam and in rem, the allegations contained in Paragraphs 1 through 9 of the First Cause of Action as if fully pled here.

11.    That on or about June 17, 2006, plaintiff WILLIAM ANDREI was employed by GARY JOHNSON and THE GARY JOHNSON FAMILY TRUST to work on the F/V Andiamo, which was under the control and supervision of defendant KEVIN MCDONALD, an employee of the remaining defendants.  Plaintiff WILLAIM ANDREI was employed to assist in the transport of the F/V Andiamo on the waters from Oregon to San Diego. Even though the F/V Andiamo was not seaworthy, defendants continued in their actions of transporting it from one state to another.  While the vessel Andiamo was on or about the high seas and plaintiff WILLIAM ANDREI was engaged in the performance of his duties on the vessel, the F/V Andiamo was struck by a wave by such force while exiting out a jetty that plaintiff ANDREI was thrown onto the deck and injured his right hip, knee, right side of his body and broke his teeth.

As a result of all defendants' negligent conduct and the vessel's unseaworthiness, plaintiff WILLIAM ANDREI had to seek medical treatment for his injured right side of the body and broken mouth and cut up face. In addition to receiving immediate medical care for bodily injuries, plaintiff WILLIAM ANDREI has suffered emotionally and still continues to severe emotional distress.

12.    Disregarding their duties on the premises, defendants

1  GARY JOHNSON, as an individual and as owner of the F/V ANDIAMO,

2  KEVIN MCDONALD, an en employee of the F/V Andiamo, THE GARY

3  JOHNSON FAMILY TRUST, and the F/V ANDIAMO, in persona and in rem,

4  and DOES 1 through 25, by their agents, servants and employees

5  were careless and negligent and the vessel unseaworthy in:

6        (a)  The vessel had inadequate navigational aids;

7        (b)  The vessel had inadequate safety and holding

8  bars;

9        (c)  The vessel had inadequate outfitting including

10 the anchoring of the captain's chair;

11       (d)  The vessel had inadequate charts;

12       (e)  Captain McDonald failed to determine the sea

13 conditions with the Coast Guard;

14       (f)  Captain McDonald failed to determine the sea

15 conditions of the outer bay;

16       (g)  Captain McDonald failed to recognize and observe

17 seamen's warnings regarding rough waters and dangerous seas;

18       (h)  Captain McDonald failed to observe posted U.S.

19 Coast Guard warnings about dangerous conditions outside of the

20 jetty.

21     22.  As a direct and proximate result of the negligent acts

22 and/or unseaworthiness of the defendants, plaintiff WILLIAM

23 ANDREI was the victim of such negligent acts as stated

24 hereinabove and was injured in his health, safety and activity.

25     23.  As a direct and proximate result of the incident

26 alleged, plaintiff WILLIAM ANDREI was injured in his health,

27 strength and activity, sustaining severe injury to his body and

28 mind, and shock and injury to his nervous system and person, all

---

COMPLAINT

of which injuries have caused and continue to cause great physical and emotional pain and suffering.  Plaintiff is informed and believes and alleges that some or all of said injuries will result in permanent damage, disability, and pain and suffering, causing general damages in an amount to be determined at the time of trial.

24.  As a direct and proximate result of the incident alleged, plaintiff incurred indebtedness for physicians, hospitalization, x-rays, drugs and sundries in the treatment of said injuries and will be so indebted in the future.  Plaintiff will respectfully submit said amounts, upon proof, at the time of trial.

25.  As a direct and proximate result of the incident alleged plaintiff WILLIAM ANDREI was prevented from attending to his usual occupation and is informed and believes and alleges that he will continue to be so prevented from attending to his usual occupation, resulting in a loss of earnings to the plaintiffs in an amount which is not known at the present time, but which will be respectfully submitted, upon proof, at trial.

**SECOND CAUSE OF ACTION**

**(Negligence)**

26.  Plaintiff hereby incorporates by reference to defendants GARY JOHNSON, as an individual and as owner of the F/V ANDIAMO, KEVIN MCDONALD an en employee of the F/V Andiamo, THE GARY JOHNSON FAMILY TRUST, and the F/V ANDIAMO, in persona and in rem, and DOES 1 through 25, the allegations contained in Paragraphs 1 through 25 of the First Cause of Action as if fully

pled here.

27.    That on or about June 17, 2006, while plaintiff WILLIAM ANDREI was performing his duties on the F/V Andiamo, which was owned, supervised, and controlled by defendants, defendants negligently continued in their conduct of transporting the F/V Andiamo from Oregon to San Diego. Defendants negligently failed to have proper navigational aids, negligently failed to have adequate safety and holding bars, negligently failed to have adequate outfitting including the anchoring of the captain's chair and negligently failed to have adequate charts. Furthermore, defendants negligently failed to check the dangerous sea conditions with the U.S. Coast Guard, failed to check the dangerous sea conditions of the outer bay, failed to recognize and observe seamen's warnings regarding rough waters and dangerous seas, and failed to observe posted U.S. Coast Guard warnings about dangerous sea conditions outside of the jetty.

As a result of all defendants' negligent conduct, plaintiff WILLIAM ANDREI had to seek medical treatment for his right hip, right knee, and injured right side of the body including broken teeth, and an injured mouth and cut face. In addition to needing immediate medical care for bodily injuries, plaintiff WILLIAM ANDREI has suffered emotionally and still continues to suffer severe emotional distress.

28.    Defendants GARY JOHNSON, as an individual and as owner of the F/V ANDIAMO, KEVIN MCDONALD an en employee of the F/V Andiamo, THE GARY JOHNSON FAMILY TRUST, and the F/V ANDIAMO, in personam and in rem, and DOES 1 through 25, committed negligent conduct with their disregard for the rights and safety of others,

COMPLAINT

7

failing to properly supervise and control their own actions, and failing to properly supervise the condition and safety of the vessel in surrounding conditions.

29.  As a direct and proximate result of the negligent acts and/or unseaworthiness of the defendants, plaintiff WILLIAM ANDREI was the victim of such negligent acts as stated hereinabove and was injured in his health, safety and activity.

30.  As a direct and proximate result of the incident alleged, plaintiff WILLIAM ANDREI was injured in his health, strength and activity, sustaining severe injury to his body and mind, and shock and injury to his nervous system and person, all of which injuries have caused and continue to cause great physical and emotional pain and suffering.  Plaintiff is informed and believes and alleges that some or all of said injuries will result in permanent damage, disability, and pain and suffering, causing general damages in an amount to be determined at the time of trial.

31.  As a direct and proximate result of the incident alleged, plaintiff incurred indebtedness for physicians, hospitalization, x-rays, drugs and sundries in the treatment of said injuries and will be so indebted in the future.  Plaintiff will respectfully submit said amounts, upon proof, at the time of trial.

32.  As a direct and proximate result of the incident alleged, plaintiff WILLIAM ANDREI was prevented from attending to his usual occupation and is informed and believes and alleges that he will continue to be so prevented from attending to his usual occupation, resulting in a loss of earnings to the

plaintiff in an amount which is not known at the present time, but which will be respectfully submitted, upon proof, at trial.

### PRAYER FOR DAMAGES

(Applicable to each cause of action for damages)

WHEREFORE, plaintiff prays for judgment against the defendants, and each of them, as follows:

1.  For general damages as proven at the time of trial;

2.  For special damages as proven at the time of trial;

3.  For maintenance and cure as proven at the time of trial;

4.  For punitive damages as proven at the time of trial;

5.  For prejudgment and post-judgment interests on the judgments; and

6.  For such other and further relief as the court may deem just and proper.

DATED: _1/18/08_                    RITTER & ASSOCIATES

By: _____
    DWIGHT RITTER
    Attorney for Plaintiffs
    WILLIAM ANDREI

---

COMPLAINT

9

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**FILED**

**JAN 23 2008**

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**08 CV 0140 L WMc**

## I. (a) PLAINTIFFS
William Andrei

**DEFENDANTS**
"See attachment"

(b) County of Residence of First Listed Plaintiff  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED

(c) Attorney's (Firm Name, Address, and Telephone Number)
Ritter & Associates, 2869 India Street San Diego, CA 92103

Attorneys (If Known)
Alcantara & Associates 402 W. Broadway, Ste. 1120 San Diego CA 92101

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question (U.S. Government Not a Party) |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☒ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Merchants Seaman's Act; Jones Act, 46 U.S.C.
Brief description of cause:
General maritime law

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 1,500,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE 1/17/08

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

"Attachment"

GARY JOHNSON, as an individual; GARY JOHNSON as vessel owner of the F/V
Andiamo, in personam; KEVIN MCDONALD, as an employee of the F/V ANDIAMO
and THE GARY JOHNSON FAMILY TRUST; F/V ANDIAMO, her engines, apparel
and furniture, in rem; THE GARY JOHNSON FAMILY TRUST and DOES 1-25