```
DWIGHT F. RITTER, ESQ.  (STATE BAR #127030)
KAREN ALBENCE, ESQ. (STATE BAR #241719)
RITTER & ASSOCIATES
2869 INDIA STREET
SAN DIEGO, CA  92103
(619) 296-0123

Attorney for Plaintiff
WILLIAM ANDREI
```

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ANDREI,<br><br>　　　Plaintiff,<br><br>v.<br><br>GARY JOHNSON, as an individual; GARY JOHNSON as vessel owner of the F/V Andiamo, in personam; KEVIN MCDONALD, as an employee of the F/V ANDIAMO and THE GARY JOHNSON FAMILY TRUST; F/V ANDIAMO, her engines, apparel and furniture, in rem; THE GARY JOHNSON FAMILY TRUST and DOES 1-25,<br><br>　　　Defendants. | Case No. 08 CV 0140 L WMc<br><br>**PLAINTIFF WILLIAM ANDREI'S EX PARTE MOTION FOR AN EXTENSION OF TIME TO FILE THE CERTIFICATE OF SERVICE AND PLAINTIFF'S EX PARTE MOTION FOR ENLARGEMENT OF TIME TO SERVE PLAINTIFF'S SUMMONS AND COMPLAINT ON THE DEFENDANTS BEYOND THE 120 DAYS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIF WILLIAM ANDREI'S EX PARTE MOTION TO SERVE THE DEFENDANTS; AND THE DECLARATION OF KAREN ALBENCE, ESQ. IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION FOR ENLARGEMENT OF TIME TO SERVE PLAINTIFF'S SUMMONS AND COMPLAINT ON THE DFENDANTS BEYOND THE 120 DAYS.** |

　　　COME NOW, plaintiff WILLIAM ANDREI, seeks an extension of time to file the certificate of service and pursuant to Federal Rules of Civil Procedure, Rule 4(m) and Rule 6(b), plaintiff WILLIAM ANDREI requests for enlargement of time to serve plaintiff's summons and complaint on the defendants beyond the 120 days.

---
Andrei's Ex Parte Motion for Enlargement of Time　　　　　　　08 CV 0140 L(WMC)
1

Create PDF with GO2PDF for free, if you wish to remove this line, click here to buy Virtual PDF Printer

Plaintiff WILLIAM ANDREI'S request is based upon the following in support of good cause for plaintiff's failure to serve the defendants within 120 days and in support of plaintiff's request for enlargement of time to serve the defendants beyond the 120 days.

**FACTS**

1. Plaintiff WILLIAM ANDREI was injured on or about June 17, 2006 while employed on the vessel ANDIAMO. The ANDIAMO was owned by Gary Johnson and the Johnson Family Trust and such vessel was also under the control of Captain Kevin McDonald on this date that plaintiff WILLIAM ANDREI suffered injuries as a result of defendants' actions.

2. Claims for plaintiff WILLIAM ANDREI'S maintenance and cure under the Jones Act were first presented to defendants' insurance company, Zurich Insurance, soon after the accident and as a result, defendants were made aware of ANDREI'S approaching lawsuit.

3. On September 27, 2007, defendants Gary Johnson, the Johnson Family Trust, and the ANDIAMO filed a complaint for exoneration from or limitation of liability.

4. In order to preserve plaintiff WILLIAM ANDREI'S claims, plaintiff ANDREI filed his complaint on January 23, 2008.

5. However, pursuant to the complaint for exoneration from or limitation of liability, there is an order restraining commencement of all other related and unrelated claims, suits, and other actions other than the limitation of liability arising out of the incident on June 17, 2006.

6. Defendants Gary Johnson, the Johnson Family Trust, and

the Andiamo currently have their complaint for exoneration from or limitation of liability before Judge Cathy Bencivengo and Magistrate William McCurine.

7. Plaintiff WILLIAM ANDREI'S complaint for personal injuries is before this court, the Honorable M. James Lorenz, and also before Magistrate William McCurine.

8. Judge Cathy Bencivengo and Magistrate McCurine provided notice to claimants that if any claimant wished to contest the limitation of liability, then the claimant must do so by May 27, 2008.

9. On May 26, 2008, WILLIAM ANDREI filed a response titled "Answer, Affirmative Defenses, and Claims of William Andrei". In paragraph five of his affirmative defenses, WILLIAM ANDREI notified the courts that WILLIAM ANDREI had filed his own complaint for injuries and provided the full case number so that the court was made aware that this complaint was pending before Judge Lorenz but also before the same Magistrate McCurine. WILLIAM ANDREI also notified the court that the defendants were not yet served with the complaint due to the pending limitation of liability claim before Judge Bencivengo and Magistrate McCurine.

10. On May 27, 2008, Magistrate McCurine set a telephonic early neutral evaluation conference for June 27, 2008. The early neutral evaluation conference took place on June 27, 2008 and a status of the case was provided to Magistrate McCurine. WILLIAM ANDREI, by his counsels, provided verbal notice again to Magistrate McCurine about the status of the issues pending in the limitation of liability and the complaint already filed by WILLIAM ANDREI currently pending before Judge Lorenz and himself, the same

---
Andrei's Ex Parte Motion for Enlargement of Time                          08 CV 0140 L(WMC)
3

Create PDF with GO2PDF for free, if you wish to remove this line, click here to buy Virtual PDF Printer

magistrate in both claims. WILLIAM ANDREI again notified Magistrate McCurine and the counsel for the defendants that WILLIAM ANDREI'S complaint had not been served to defendants due the pending issues of the limitation of liability.

11. Magistrate McCurine asked the parties to resolve the outstanding maintenance and cure issues and set a status conference hearing for September 8, 2008. This September 8, 2008 date was requested by WILLIAM ANDREI'S counsels due the unavailability of Dwight Ritter, the counsel of record for WILLIAM ANDREI. Dwight Ritter is currently out of the country and will not be returning to the United States until September 5, 2008. Plaintiff believes that a status of the pending limitation of liability claim will be resolved or at least set for hearing on September 8, 2008.

12. On July 10, 2008, plaintiff WILLIAM ANDREI received Judge M. James Lorenz's notice of an August 5, 2008 hearing for dismissal under Rule 4(m) for failure of serving the defendants with plaintiff's summons and complaint.

13. Judge M. James Lorenz's notice also stated that the filing of a proof of service within 7 days of the August 5, 2008 hearing would result in removing this matter from the court's calendar.

14. While defendant Kevin McDonald was served with the summons and the complaint, the attorney for defendants Gary Johnson, the Gary Johnson Trust, and the Andiamo refused to accept service of the summons and complaint because the pending limitation of liability stays any and all related claims. This same attorney, James Alcantara, Esq., also notified plaintiff

_____
Andrei's Ex Parte Motion for Enlargement of Time                     08 CV 0140 L(WMC)
4

Create PDF with GO2PDF for free, if you wish to remove this line, click here to buy Virtual PDF Printer

ANDREI'S counsel that such service is not effective on defendant Kevin McDonald until the limitation of liability issue is resolved.

15.   Plaintiff WILLIAM ANDREI now seeks from this court an enlargement of time to serve these defendants until the outstanding limitation of liability issue has been resolved.

### MEMORANDUM OF POINTS AND AUTHORITIES

The Federal Rules of Procedure, specifically Rule 4(m) and Rule 6(b), provides controlling law for plaintiff WILLIAM ANDREI to seek and be granted an enlargement of time to serve plaintiff's summons and complaint upon the defendants.

The Federal Rules of Civil Procedure Rule 4(m) states "if service of the summons and complaint is not made upon a defendant within 120 days after filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period…" The Federal Rules thus conveys a clear message. Complaints are not to be dismissed if served within 120 days or within such additional time as the court may allow.  Henderson v. U.S. 517 U.S. 654, 116. S.Ct. 1638(1996)

The court in Henderson further states that courts have been accorded discretion to enlarge the 120-day period "even if there is no good cause showing". Id.   However, plaintiff ANDREI does have good reason for seeking additional time to serve the defendants with the summons and complaint.  As stated previously,

---

Create PDF with GO2PDF for free, if you wish to remove this line, click here to buy Virtual PDF Printer

defendants are not willing to accept service of plaintiff WILLIAM ANDREI'S summons and complaints until their issue of limitation of liability is resolved. WILLIAM ANDREI had to file his complaint within two years of the vessel incident in order to preserve his claim even though the limitation of liability claim is still unresolved.

There is an approaching status conference date with Magistrate McCurine on September 8, 2008 and plaintiff WILLIAM ANDREI believes that instructions will be provided at this approaching status conference regarding the limitation of liability claim and a hearing will be set to resolve that issue. It is after that hearing and final order when plaintiff WILLIAM ANDREI can re-serve the defendants with his summons and complaint and the defendants would accept service.

Under the Federal Rules of Civil Procedure Rule 6(B), the Court may grant a request for an extension of time even if it is made after the expiration of the time period to be enlarged, provide that the delay was caused by excusable neglect and that the request is made by motion. "Excusable neglect" even covers negligence on part of the counsel.

The determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith. <u>Reeder v. John KNAPIK dba K/Mont Construction</u>, WL 2815046, United States District Court,

---

Andrei's Ex Parte Motion for Enlargement of Time            08 CV 0140 L(WMC)

6

Create PDF with GO2PDF for free, if you wish to remove this line, click here to buy Virtual PDF Printer

S.D. California Civil No. 07-CV-362-L(LSP)

    The plaintiff in <u>Reeder</u> filed a third request for an extension of time to effectuate service on the remaining defendants. The court granted plaintiff Reeder's first two requests and ultimately granted plaintiff Reeder's third request even though plaintiff Reeder did not address any of the four factors that defined "excusable neglect". However, the judge in <u>Reeder</u>, the same Judge M. James Lorenz, reviewed and balanced the four factors that defined "excusable neglect".

    These same four factors when applied to plaintiff WILLIAM ANDREI'S request for enlargement of time to serve the defendants does result in "excusable neglect". There is no danger of prejudice to the defendants in plaintiff WILLIAM ANDREI'S complaint. Such defendants were aware of the approaching civil claim soon after the injuries sustained to plaintiff WILLIAM ANDREI because of the issues of maintenance and cure that were presented to defendants' insurance company. Defendants further acknowledged plaintiff ANDREI'S approaching civil claim because defendants attempted and were able to file their limitation of liability claim prior to ANDREI'S lawsuit.

    Plaintiff WILLIAM ANDREI is only seeking additional time to serve the defendants once the limitation of liability claim is resolved. There is little delay because the upcoming status conference is scheduled for September 8, 2008 and it is plaintiff ANDREI'S belief that instructions will be provided by Magistrate McCurine and a hearing date set to resolve the limitation of Liability issue.

    Furthermore the reason for such delay in serving the

---

Andrei's Ex Parte Motion for Enlargement of Time    08 CV 0140 L(WMC)

7

Create PDF with GO2PDF for free, if you wish to remove this line, click here to buy Virtual PDF Printer

defendants was not within the control of plaintiff WILLIAM ANDREI since such service would be and was deemed ineffective because the limitation of liability stays all claims related to the very same incident that resulted in plaintiff WILLIAM ANDREI'S injuries.

Plaintiff WILLIAM ANDREI still in good faith attempted to serve the defendants with the summons and complaint however counsel for the defendants refused to accept service of such documents until the limitation of liability claim is resolved. These facts support plaintiff WILLIAM ANDREI's contention that there is excusable neglect in plaintiff WILLIAM ANREI'S failure to serve the defendants with the summons and complaint.

### CONCLUSION

Based on the Federal Rules of Civil Procedure Rule 4(m), Rule 6(b), and the facts that support "excusable neglect", plaintiff WILLIAM ANDREI respectfully request that plaintiff WILLIAM ANDREI be granted an enlargement of time to serve the defendants and be given an additional 75 days for service of plaintiff's summons and complaint.

Plaintiff WILLIAM ANDREI specifically seeks 75 days because the upcoming status conference hearing with Magistrate McCurine does not take place until September 8, 2008 which is approximately 6 weeks from today's date.  However, plaintiff WILLIAM ANDREI believes that the upcoming September 8, 2008 status conference hearing will provide instructions to the parties regarding these two pending cases and a hearing date to determine the limitation of liability claim.  Plaintiff WILLIAM ANDREI'S request for an additional 75 days will provide ample time for not only the status conference hearing date, but also the limitation of liability

---
Andrei's Ex Parte Motion for Enlargement of Time                    08 CV 0140 L(WMC)
8

Create PDF with GO2PDF for free, if you wish to remove this line, click here to buy Virtual PDF Printer

hearing date and service of plaintiff's summons and complaint on the defendants shortly thereafter.

     Or, in the alternative, if this court will not grant plaintiff WILLIAM ANDREI' request for enlargement of time to serve the defendants with plaintiff's summons and complaint, plaintiff respectfully request that this dismissal hearing be changed to approximately one month later to September 9, 2008 due to the unavailability of plaintiff's counsel who returns back to the United States on September 5, 2008.  This alternative request to a changed hearing date to September 9, 2008, will provide the Magistrate McCurine an opportunity at the next status conference to provide instructions to the parties regarding these two pending cases and allow plaintiff's counsel to be present at this dismissal hearing to adequately represent WILLIAM ANDREI'S interests before Judge M. James Lorenz.

```
DATED: 7/28/08                    RITTER & ASSOCIATES

                                  By:  S/Karen Albence
                                       DWIGHT RITTER
                                       KAREN ALBENCE
                                       Attorneys for Plaintiff
                                       WILLIAM ANDREI
```

---

Andrei's Ex Parte Motion for Enlargement of Time          08 CV 0140 L(WMC)

9

Create PDF with GO2PDF for free, if you wish to remove this line, click here to buy Virtual PDF Printer