1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11  WILLIAM ANDREI,                    )     Civil No. 08cv140 L (WMc)
                                       )
12                  Plaintiff,         )     **ORDER GRANTING PLAINTIFF'S**
                                       )     ***EX PARTE* MOTION FOR**
13  v.                                 )     **EXTENSION OF TIME [doc. #11]**
                                       )
14  GARY JOHNSON,*et al.,*             )
                                       )
15                  Defendants.        )
                                       )
16  _____   )

17        Plaintiff moves *ex parte* for an extension of time in which to file a certificate of service

18  and to serve the summons and complaint on defendants beyond the 120-day deadline provided in

19  Federal Rule of Civil Procedure 4(m).   Rule 4(m) requires a plaintiff to effectuate service of

20  process on defendants within 120 days after the filing of the complaint.  If plaintiff fails to serve

21  the Complaint within the required time, Rule 4(m) further provides the court "shall dismiss the

22  action without prejudice as to that defendant or direct that serve be effected within a specified

23  period of time."  Thus, Rule 4(m) allows courts to provide additional time for service, "even if

24  good cause is not shown."  (Notes of the Advisory Committee on 1993 Amendments to

25  Rule 4(m)).  The Advisory Committee Notes specifically state that "[r]elief may be justified, for

26  example, if the applicable statute of limitations would bar the refiled action, or if the defendant is

27  evading service or conceals a defect in attempted service."  *Id.* (citing to *Ditkof v. Owens-*

28  *Illinois, Inc.*, 114 F.R.D. 104 (E.D. Mich. 1987)).

Rule 6(b) grants district courts discretion to enlarge time periods set by the rules. This is so even when the request is made after the expiration of the time period to be enlarged, provided the delay was caused by excusable neglect. FED. R. CIV. P. 6(b)(2). Here, plaintiff's request for an extension of time is brought after the deadline found in Rule 4(m).

"Excusable neglect" covers negligence on the part of counsel. *See Pincay v. Andrews*, 389 F.3d 853, 856 (9th Cir. 2004) (*en banc*). The determination of whether neglect is excusable is an equitable one that depends on at least four factors:

> (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith.

*Pincay*, 389 F.3d at 855 (citing *Pioneer Investment Services Company v. Brunswick Associates*, 507 U.S. 380, 395 (1993)). The district court's discretion in this regard is broad. *See Pincay*, 389 F.3d at 859.

The Supreme Court in *Pioneer* established a balancing test to determine whether an untimely filing is due to excusable neglect. *Pioneer,* 507 U.S. at 395; *see also Pincay,* 389 F.3d at 855. The focus of the inquiry in *Pioneer* was whether the reason for the delay, an attorney's egregious and clearly negligent misreading of an unambiguous rule, could constitute excusable neglect. *Pioneer,* 507 U.S. at 394. In the present case, as in *Pincay*, this question is answered "within the context of a particular case," including the evaluation of factors such as "whether the lawyer had otherwise been diligent, the propensity of the other side to capitalize on petty mistakes, the quality of representation of the lawyers . . . , and the likelihood of injustice" if relief is denied. *Id*. at 859.

In the present case, the crucial considerations are the reason for the delay and whether that reason demonstrates plaintiff's conduct was in good faith.

This action is brought under the Merchant Seaman's Act and the General Maritime Law of the United States. On June 17, 2006, plaintiff was injured while employed on a fishing vessel. He made a claim under the Jones Act to defendants' insurance company and defendants therefore were aware that plaintiff would bring an action against them. Thereafter, defendants

filed a complaint for exoneration from or limitation of liability.  Plaintiff then filed this action to preserve his claims.  But there is an order restraining the commencement of all other related claims and actions in the exoneration from or limitation of liability action.  Plaintiff however notified Magistrate Judge McCurine and defendants that the complaint in the present action had not been served because of the issues of the limitation of liability.  In the meantime, defendant Kevin McDonald has been served but the attorney for defendants Gary Johnson, the Gary Johnson Trust, and the Andiamo refused to accept service of the summons and complaint because of the stay in the limitations of liability action.  A status conference before Magistrate Judge McCurine is set for September 8, 2008.

Because of the somewhat unusual but appropriate posture of this case, the Court finds the reason for the delay in effectuating service of process in this case is sufficient and plaintiff has not acted in bad faith.  Accordingly, the Court **GRANTS** plaintiff's *ex parte* motion for an extension of time in which to serve defendants and to file the certificates of service.  Plaintiffs shall have until **November 24, 2008** in which to serve the defendants with the summons and complaint.

**IT IS SO ORDERED.**

DATED:  August 20, 2008

_____
M. James Lorenz
United States District Court Judge


COPY TO:

HON. WILLIAM McCURINE, JR.
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL