FILED
2010 JAN -8 AM 9:54
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ANDREI,<br><br>                               Plaintiff,<br>vs.<br><br>GARY JOHNSON, as vessel owner of the F/V Andiamo, in personam; et al.,<br><br>                              Defendants. | CASE NO. 08-cv-0140 BEN (WMc)<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE IMPLEADER<br><br>[Docket No. 30.] |

Before this Court is Defendants' Motion for Leave to File Impleader ("Motion") pursuant to Federal Rule of Civil Procedure 14(a). The Motion seeks leave to file an Impleader against a third party, Meridian Yachts, for indemnification and apportionment of fault on the grounds that Meridian Yachts is the designer and manufacturer of the vessel alleged to have caused injury to Plaintiff.

For the reasons stated below, the Court **GRANTS** Defendants' Motion for Leave to File Impleader.

## BACKGROUND

This action is a personal injury action arising from an accident that occurred while a vessel was being transported from Oregon to San Diego, California. Plaintiff was hired to assist in the transport. Plaintiff alleges that, on or around June 17, 2006, he was on the vessel, assisting in the transport, when the vessel was struck by a wave with such force that Plaintiff "was thrown onto the deck and injured his right hip, knee, right side of his body and broke his teeth." (Complaint, ¶ 11.) Plaintiff alleges,

among other things, the vessel had "inadequate navigational aids," "inadequate safety and holding bars," "inadequate outfitting including the anchoring of the captain's chair," and "inadequate charts." (Complaint, ¶¶ 21, 27.)

On January 23, 2008, Plaintiff filed a Complaint for Personal Injuries. (Docket No. 1.) The action was initially stayed pending resolution of a related action also pending in this Court, Case No. 07-cv-1893. However, on March 17, 2009, at the request of the parties, the Court dismissed the prior action, as the parties agreed to proceed with this action instead.

On November 16, 2009, Defendants filed a Motion for Leave to File Impleader which is currently pending before this Court. The Motion seeks leave to file an Impleader against Meridian Yachts, the alleged designer and manufacturer of the subject vessel. According to Defendants, the Motion is based on recent discovery revealing the need to join Meridian Yachts in this action.

The Court notes Plaintiff filed an untimely opposition to the Motion. (Docket No. 36.) On December 21, 2009, the Court specifically denied Plaintiff's request to file an untimely opposition (Docket No. 35); therefore, the Court will not consider the opposition.

Given the long pendency of this action, however, the Court considers the merits of the Motion, as set forth below.

## DISCUSSION

This Court has authority to grant impleader pursuant to Federal Rule of Civil Procedure 14. Fed.R.Civ.P. 14. The purpose of Rule 14 is to avoid circuity of action and multiplicity of litigation. *Southwest Admin., Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986). However, where, as here, joinder of third-party defendants is not sought within the requisite time period, leave of court is required and the decision to permit joinder rests with the sound discretion of the trial court. (*Id.*)

Relevant factors include (1) the timeliness of the motion; (2) the probability of trial delay; (3) the potential for complication of issues at trial; and (4) prejudice to the original plaintiff. *Irwin v. Mascott*, 94 F.Supp.2d 1052, 1056 (N.D. Cal. 2000).

Here, although the action had been pending almost two years before Defendants filed their Motion, Defendants allege it was only through recent discovery that they discovered the need to join Meridian Yachts as a third-party defendant. This discovery purportedly includes a deposition of

1  Plaintiff on July 31, 2009 and a subsequent expert inspection of the vessel on October 7, 2009.
2  (Alcantara Decl., ¶¶ 1 and 4.) The Court also notes this action was stayed for over one year, *i.e.*, until
3  March 2009. Therefore, the Court finds that, although the Motion was untimely, Defendants' delay
4  in filing the Motion was excusable. Additionally, the Court notes that, because of the stay, this case
5  has not progressed to the point where allowing impleader would unduly delay trial; in fact, a trial date
6  has not even been set. For this same reason, the Court finds that allowing impleader would not unduly
7  complicate the issues in the case.

8  Plaintiff has not presented evidence showing he would be unduly prejudiced by the proposed
9  impleader, nor can he; Plaintiff's claims appear to be based, at least in part, on the design and
10 manufacturing of the vessel, and Meridian Yachts is the purported designer and manufacturer of the
11 vessel. (Alcantara Decl., ¶¶ 2 and 3.) Although Defendants could have moved to implead Meridian
12 Yachts or conducted the discovery mentioned above earlier, discovery has not yet closed. The fact that
13 certain depositions have already taken place and may need to be taken again if the Motion is granted,
14 is not sufficient to establish undue prejudice. Rather, under the circumstances stated above, the Court
15 finds that any purported prejudice to Plaintiff is outweighed by the benefits of more efficient litigation
16 to be gained by permitting impleader.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendants' Motion for Leave to File Impleader.

**IT IS SO ORDERED.**
Dated: January 07, 2010

Hon. Roger T. Benitez
Judge, United States District Court